UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TERRION HERMAN, | ) |
|     Petitioner, | ) Civil Action No. 6: 22-040-DCR |
| V. | ) |
| WARDEN, USP MCCREARY,[1] | ) **MEMORANDUM OPINION** |
|     Respondent. | ) **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Terrion Herman was convicted on June 15, 2011, of one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), in a case before the United States District Court for the Central District of Illinois. *See*, *e.g.*, *United States v. Herman*, No. 2:10-cr-2006, Record No. 46 (C.D. Ill. June 15, 2011). He successfully challenged his initial sentence of life imprisonment on appeal, and the case was remanded for resentencing. *See United States v. Herman*, 588 F. App'x 493 (7th Cir. 2014).

On remand, Herman raised a new argument that the Supreme Court's recent decision in *Florida v. Jardines*, 569 U.S. 1 (2013), "requires the suppression of evidence that had been seized after a drug-detection dog alerted in the hallway of the apartment building where [he]

---

[1] The petitioner names the United States as the respondent in this action brought under 28 U.S.C. § 2241. However, the warden of Herman's place of imprisonment, USP McCreary, is the proper respondent. *See* 28 U.S.C.§§ 2242 and 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Court has changed the caption to reflect the proper respondent.

lived." *Id.* Finding that this argument was beyond the scope of the appellate mandate, the district court denied relief and resentenced the petitioner to 360 months' imprisonment. *Id.* at 493-94.

Herman then appealed the allegedly unlawful search. The United States Court of Appeals for the Seventh Circuit rejected the *Jardines* argument because the search at issue was lawful at the time it was conducted under Seventh Circuit precedent and *Davis v. United States*, 564 U.S. 229, 231-32 (2011), which "holds that the exclusionary rule cannot be used to suppress evidence that had been properly seized under authoritative precedent, even if that precedent later is overruled or otherwise disapproved." *Id.* at 494.

Herman raised the *Jardines* argument again in a 2016 collateral proceeding under 28 U.S.C. § 2255. *See Herman v. United States*, 2: 16-cv-02202 (C.D. Ill. 2016). He also relied on the Seventh Circuit's decision in *United States v. Whitaker*, 820 F.3d 849 (7th Cir. 2016), which applies *Jardines*. *Id.* at Record No. 7. The district court, however, denied relief because the defendant did not comply with the one-year limitations period set forth in 28 U.S.C. § 2255(f). *Id.*

Herman filed the current 28 U.S.C. § 2241 petition in the United States District Court for the Central District of Illinois on May 18, 2021. [Record No. 1] He again seeks to challenge the constitutionality of the search, using § 2241 and the savings clause of § 2255(e) to assert that relief is warranted under *Jardines* and *Whitaker*. [*Id.*] Conducting a preliminary review under § 2243 and Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United

States District Courts, [2] Chief United States District Judge Sara Darrow summarily dismissed the petition with prejudice because savings clause relief was not warranted. [Record No. 3] Specifically, Chief Judge Darrow concluded that "Herman's claim is simply a recitation of his previous filings" and that "[h]e does not rely on any new case law, let alone a new rule of statutory interpretation," as is required for savings clause relief. [*Id.* at p. 3.]

On appeal, the Seventh Circuit determined that Herman, who is incarcerated within the Eastern District of Kentucky, had filed his petition in the wrong district.[3] [Record No. 8] The appellate court vacated the judgment, and remanded the case with the instruction that it be transferred to this Court. [*Id.*] Chief Judge Darrow accordingly transferred the matter on February 28, 2022.

Thus, the petition is again ripe for preliminary review pursuant to § 2243 and Rules 1(b) and 4. Section 2241 "grants federal courts the authority to issue writs of habeas corpus to prisoners whose custody violates federal law," but § 2255 "severely restrict[s] section 2241's applicability." *Taylor v. Owens*, 990 F.3d 493, 495 (6th Cir. 2021) (citing *Wright v. Spaulding*, 939 F.3d 695, 698 (6th Cir. 2019)). "Indeed, section 2255 now serves as the primary means for a federal prisoner to challenge his conviction or sentence—those things that were ordered in the sentencing court." *Id.* This contrasts with § 2241, which "typically

---

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) permits the application of the § 2254 Rules in habeas cases that do not proceed under § 2254.

[3] "A [§ 2241] petition for habeas corpus must be filed in the district court that has jurisdiction over a prisoner's place of confinement." *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003).

facilitates only challenges to 'the execution or manner in which the sentence is served'—those things occurring within prison." *Id.* (quoting *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam)).

"If a prisoner can file a section 2255 motion in the sentencing court but fails to do so or is unsuccessful in his motion, then a court shall not entertain his application for a writ of habeas corpus under section 2241." *Id.* (cleaned up) (citing 28 U.S.C. § 2255(e)). There is an exception to this rule: § 2255(e)'s "savings clause," which allows consideration of a § 2241 petition under these circumstances where it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." *Id.* (quoting 28 U.S.C. § 2255(e)).

But the savings clause is narrow in its application. "[T]he § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255. . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (alterations in original) (quoting *Charles*, 180 F.3d at 756). The "[p]etitioner must also allege and prove that he is 'actually innocent.'" *Id.* (citations omitted).

"Actual innocence" involves "factual innocence, not mere legal insufficiency." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)). "Where a petitioner asserts factual innocence of his crime of conviction due to a change of law," he may demonstrate the inadequacy or ineffectiveness of § 2255 relief by showing: "(1) 'the existence of a new interpretation of statutory law,' (2) 'issued after the petitioner had a meaningful time to

incorporate the new interpretation into his direct appeals or subsequent motions,' (3) that is retroactive, and (4) applies to the petition's merits such that it is 'more likely than not that no reasonable juror would have convicted' the petitioner." *Hill v. Masters*, 836 F.3d 591, 594-95 (6th Cir. 2016) (quoting *Wooten*, 677 F.3d at 307-08). "[A] federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright*, 939 F.3d at 705.

As Chief Judge Darrow found in her prior preliminary review of the petition, Herman is plainly not entitled to relief. Most obviously, the petitioner could, and in fact has, raised his arguments before in either his second direct appeal, his prior unsuccessful collateral proceeding, or both. Additionally, his petition contains constitutional arguments premised on an allegedly unlawful search, and he does not assert actual innocence based on a change in statutory interpretation. A standard § 2255 motion, not a § 2241 petition brought *via* the savings clause, is the appropriate statutory vehicle to litigate such claims. *See*, *e.g.*, *Weems v. Beard*, No. 0:20-cv-045-JMH, 2020 WL 2097750, at *2-3 (E.D. Ky. May 1, 2020) (constitutional challenges, including an allegedly unlawful search and seizure, needed to be raised on direct appeal or in a standard § 2255 motion); *Saint v. Stine*, No. 6:05-531-DCR, 2006 WL 197058, at *4-5 (E.D. Ky. Jan. 21, 2006) (explaining that constitutional challenges "are not the kind permissible in a habeas petition presented under the savings clause.").

Thus, relief is clearly unwarranted.[4]  "Section 2255(e) limits district courts' subject-matter jurisdiction.  A district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255, and either has not done so or has done so unsuccessfully." *Taylor*, 990 F.3d at 493.  Accordingly, it is hereby

**ORDERED** as follows:

1. Petitioner Terrion Herman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. A corresponding Judgment shall issue this date.

Dated:  March 4, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky

---

[4] To the extent the petition, which is somewhat difficult to follow, raises search arguments unrelated to *Jardines*, such challenges likewise fail because the petitioner has not shown that he had no prior reasonable opportunity to bring them.  To the contrary, he could have brought such arguments in his prior direct appeals and § 2255 proceeding.  Further, such arguments are constitutional in nature and are not based on a change in statutory interpretation.